**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICH AUREL, #317239         *
    Plaintiff,
  v.         *       CIVIL ACTION NO. ELH-16-3858

WILLIAM S. BOHRER         *
 *Chief of Security*
    Defendant.         *
                  *****

## **MEMORANDUM**

On December 1, 2016, the court received a 42 U.S.C. § 1983 prisoner civil rights action and motion for leave to proceed in forma pauperis filed by Mich Aurel[1], an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel claims that commencing October 29, 2016, NBCI staff has denied him Jewish religious services on Saturday mornings (ECF 1 at 3-4), for which he seeks damages.

Aurel is litigious. This case represents the thirtieth action Aurel has filed in this court over the past five years.[2] In three of those cases Aurel was granted leave to proceed in forma pauperis

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

[2] In addition to this action, Aurel has filed twenty-nine other cases in this court. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*,

pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. Aurel was notified that the dismissals constituted "strikes" under § 1915(e),[3] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]

Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g). Therefore, he may not proceed with this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege that he faces imminent danger of serious physical injury at the time he filed this complaint. His First

---

ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 (D. Md.); and *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.).

[3] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[4] Specifically, §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Amendment allegations are insufficient to establish that he is in imminent danger of physical harm as required to allow him to file a civil rights action against NBCI officials after entry of the "three–strike rule" filing restrictions. Consequently, there is no plausible basis for granting Aurel review of his current claim under the § 1915(g) exception.

Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm through the factual allegation of his complaint.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.

Date: December 2, 2016       \_\_\_\_\_/s/_____
                             Ellen L. Hollander
                             United States District Judge